Gkeen, J,
delivered the opinion of the court.
C. S. Lewis, the plaintiff below, a constable of Weakley county, had in his hands several executions in favor of John M. Hurt against Sterling McDearmore, which he levied upon the negro woman in controversy. In a few minutes after-wards, John S. Taylor, another constable, levied another execution on the same negro, and took her out of the possession of Lewis, and afterwards sold her, by virtue of the execution in his hands, when the defendant below, John Thomas became the purchaser. Lewis, the constable who first levied on the negro, sued Thomas the purchaser, at Taylor’s sale, in trover for the value of the negro.
The plaintiff offered John M. Hurt (the plaintiff in the executions by virtue of which he had made the levy on the negro) as a witness who was objected to by the defendant, on the groundthat he was incompetent to give testimony, because he was interested in the event of the suit, which objection was overruled by the court, and the witness was examined. The plaintiff* obtained a verdict and judgment, and the defendant appealed to this court.
*30 It is now insisted that the circuit court erred in the admission of this testimony — because it is insisted, the record in this case, might be given in evidence in a suit which Hurt may prosecute against Lewis, the present plaintiff. If it is intended to assert that the record in this case would be conclusive of Hurt’s right to recover of Lewis, or of Lewis’ right to bar such recovery — the assumption is wholly unfounded. Hurt is no party to this suit, and the rule is that parties and privies only are concluded by a record. But if it is intended to assert only, that the record in this case could be given in evidence to prove that the facts it discloses had taken place,— the same thing might be asserted of every record of a suit, if the facts were relevant to the issue. It is said that the record of an eviction may be given in evidence, in a suit between the vendee and warrantor. This is true — and depends upon the principle above stated. The/act of eviction, must be averred and proved, in order to maintain the action on the warranty. The record of the suit in which the party was evicted, is evidence of this fact — and to prove its existence it may be read, although the parties are different. But it is said that Hurt was interested, that Lewis should recover, and in the amount of such recovery. This cannot be so. The question whether he should recover or not, could not effect Hurt’s remedy against him; such a doctrine would involve the absurdity, that Hurt should be bound by the issue of a suit to which he was no party, and which might have terminated very differently if it had been properly conducted. Nor can the amount of the recovery effect Hurt. His executions were satisfied by the levy to the value of the negro. The recovery in this case, is not conclusive of such value. It may be determined by a jury in the case of Hurt against Lewis, to be more or less- It is impossible therefore that Hurt could have any direct interest in the event of this suit. That it might have some influence upon the question, whether Lewis would make it necessary for him to sue — and make some impression upon the public mind, are matters which address themselves to the jury, when they come to weigh the credit of the witness. We think there is no error and that the judgment be affirmed.